**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BRYAN KING, | : | PRISONER HABEAS CORPUS |
| GDC # 846624, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-1903-WSD-GGB |
| | : | |
| MARTY ALLEN, Warden, | : | |
| Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Bryan King seeks via 28 U.S.C. § 2254 to challenge the constitutionality of his December 6, 2006, convictions in the Fulton County Superior Court for trafficking in cocaine and possession of marijuana with intent to distribute. Presently before me are the petition [Doc. 1] and Respondent Warden Marty Allen's answer-response with supporting brief and exhibits [Docs. 8, 9, and 11]. For the reasons discussed below, I recommend that the petition be dismissed.

I. Background

A. Procedural History

On December 16, 2005, Petitioner was indicted by a Fulton County grand jury for trafficking in cocaine and possession of marijuana with intent to distribute.

[Doc. 9, Attach. 5 at 42-44]. On December 6, 2006, Petitioner was convicted following a jury trial of both counts and was sentenced as a recidivist to concurrent thirty-year "split" sentences, with twenty years to serve in prison and the balance suspended. [Doc. 9, Attach. 5 at 46-50].

Petitioner appealed his convictions and sentences to the Georgia Court of Appeals, raising the following grounds for relief:

1. the evidence was insufficient to convict Petitioner; and

2. the trial court erred in denying Petitioner's motion to suppress evidence.

[Doc. 9, Attach. 11 at 92-103]. The Georgia Court of Appeals found Petitioner's claims to be without merit and affirmed Petitioner's Fulton County convictions and sentences on January 31, 2008. [Doc. 9, Attach. 11 at 70-78]; *King v. State*, 657 S.E.2d 570 (Ga. Ct. App. 2008).

On June 23, 2008, Petitioner filed a state habeas corpus petition in the Dodge County Superior Court, raising the following grounds for relief:

1. counsel was ineffective at the trial level because trial counsel failed to investigate or establish the existence of the juvenile burglary suspect who was the sole basis upon which the exigent circumstances against Petitioner were predicated; and

2. counsel was ineffective at trial and on appeal.

[Doc. 9, Attach. 1]. The state habeas corpus court conducted an evidentiary hearing on March 5, 2010, and denied relief by written order on July 6, 2010. [Doc. 11, Attach. 1]. On January 14, 2011, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of state habeas corpus relief. [Doc. 9, Attach. 4].

On June 9, 2011, Petitioner filed a federal habeas corpus petition, in which he raises the following grounds for relief:

1. ineffective assistance of counsel at trial and on appeal based on counsel's failure to raise the issue that "the officers spotting the suspected burglar did not create exigency, but after the 'hot pursuit' if the burglary suspect had continued to flee through a window or an unlocked door that would have given rise to probable cause and thus created exigent circumstances" [Doc. 1-1 at 7]; and

2. ineffective assistance of counsel at trial and on appeal for failing to raise "an issue" that would have a reasonable probability of success at trial and on appeal.

[Doc. 1].

B. Factual Background

The Georgia Court of Appeals made the following findings of fact, which are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1):

3

[D]uring the evening of a dark December night, police on patrol in a neighborhood witnessed a juvenile peeking through the side windows of a residential home. Suspecting the juvenile was a burglar or a "Peeping Tom," the three officers in the undercover patrol car (clad in black with the words "Atlanta Police" clearly marked in yellow on their chests and backs) exited the vehicle to investigate, whereupon the juvenile immediately ran toward the rear of the residence. Announcing they were police, they commanded him to stop, which he did at a small set of steps leading to the home's rear deck and back door. In response to their inquiries, the juvenile stated he did not live at the residence, but he could not explain his actions in being there and peeking through the windows.

While one officer was taking the juvenile to the patrol car, the other two officers ascended the nearby steps leading to the rear deck and back door to inquire of the home's occupants whether they knew the juvenile or could help explain his actions there. The officers immediately smelled burnt marijuana and, when at the back door, could see through the windows of that door into the lighted kitchen, in which they witnessed King at a table with another man. On the table were several packages of cocaine and also some marijuana, which King was placing into small packages. The officers knocked on the back door, and, without looking up, King asked who was there. The officers announced, "Atlanta Police," which caused King to jump up, grab handfuls of the marijuana packages, and flee to an adjacent bathroom. When he returned without the marijuana packages, the officers surmised he was destroying evidence and entered the premises to prevent further destruction.

King and the other man then ran to a bedroom and escaped through a window, only to be apprehended by the officer who had been leading the juvenile to the patrol car. He returned King and the other man to the kitchen, where King stated that he lived at the residence. The officers inside the residence seized the cocaine and marijuana lying on the table as well as marijuana packages floating in the toilet of the bathroom which King had initially entered.

4

> In addition to the above evidence, the State presented expert testimony at trial, which identified the recovered substances as cocaine (weighing more than 35 grams) and marijuana (weighing more than 94 grams). King testified in his own defense, claiming that someone else was packaging and possessing the drugs and that he was merely an innocent bystander. The jury found King guilty of trafficking in cocaine and of possessing marijuana with intent to distribute. The trial court denied King's motion for a new trial.

*King*, 657 S.E.2d at 571-72.

II. Discussion

   A. Standard of Review

Under Title 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). This power, however, is limited. A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable

5

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"This is a 'difficult to meet,' *Harrington v. Richter*, 562 U.S. —, —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011), and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (per curiam) (citation and internal quotation marks omitted)." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011). Furthermore, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court analyzed how courts should apply § 2254(d). First, the court evaluating a habeas petition under § 2254(d)(1) must determine the applicable "clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* at 404-05; *see* 28 U.S.C. § 2254(d)(1). The decision by the state court is measured against the Supreme Court's precedent as of "the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

6

Next, "[t]o determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Cullen,* 131 S. Ct. at 1399 (quoting *Williams*, 529 U.S. at 405).

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, the federal court must then determine whether the state court decision was an "unreasonable application" of clearly established federal law by determining whether the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the petitioner's case. *Williams*, 529 U.S. at 412. This reasonableness determination is objective, and the federal court may not issue a writ of habeas corpus simply because it concludes in its independent judgment that the state court was erroneous or incorrect. *Id.* at 411. In other words, it matters not that the state court's application of clearly established federal law was incorrect, so long as that misapplication was objectively reasonable. *Id.*; *see McIntyre v. Williams*, 216 F.3d 1254, 1257 n.4 (11th Cir. 2000).

Under Title 28 U.S.C. § 2254(e), the state court's determinations of factual issues are presumed correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous. I have reviewed the pleadings and exhibits and find that the record contains sufficient facts upon which the issues may be properly resolved. As Petitioner has made no showing as required by 28 U.S.C. § 2254(e)(2), no federal evidentiary hearing is permitted, and the case is now ready for disposition.

B. <u>Ineffective Assistance of Counsel Standard</u>

In his petition, Petitioner raises claims of ineffective assistance of counsel at trial and on appeal. "Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Green v. Nelson*, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688). Additionally, to

8

establish prejudice, a petitioner must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The above-stated *Strickland* standard also applies to ineffective assistance of appellate counsel claims. *See Smith v. Robbins*, 528 U.S. 259, 285, 287-88 (2000); *see also Temple v. Morton*, No. 06-15061, 2007 WL 2141823 (11th Cir. July 27, 2007) ("The Supreme Court has held that the *Strickland* analysis also applies to claims of ineffective assistance of appellate counsel.").

C. <u>Petitioner's Ineffective Assistance Claims</u>

Petitioner raised claims of ineffective assistance of trial and appellate counsel in his state habeas corpus petition. The state habeas corpus court summarized the allegations and made findings of fact and conclusions of law as follows:

<u>GROUND ONE</u>

In Ground One, Petitioner alleges that he received ineffective assistance of counsel at the trial level because his trial attorney failed to investigate or establish the existence of the juvenile burglary suspect who was the sole basis upon which exigent circumstances against Petitioner were predicated.

9

## Findings of Fact

Petitioner was represented at the trial and appellate levels by Richard Marks. Counsel is a staff attorney with the Atlanta Judicial Circuit Public Defender's Office and has been practicing criminal defense for approximately thirteen (13) years.

Counsel testified at the evidentiary hearing that the circumstances surrounding Petitioner's arrest were that the police alleged that they were approaching the residence where Petitioner was found and were alerted by the fact that a juvenile appeared to be prowling the area. The officers approached the juvenile, who was at this point around the side of the house. One of the officers stated that he smelled marijuana and walked around to the rear of the house where, through the window, he saw two individuals sitting at a table with drugs. The officers then entered the house and apprehended the individuals, one of whom was Petitioner.

Counsel testified that he filed and argued a motion to suppress on the basis that the officers did not have probable cause to go to the rear of the house, look through the window, enter the house, and apprehend Petitioner. The trial court denied the motion. Counsel testified that he also raised this issue on appeal but that the Court of Appeals of Georgia affirmed the trial court.

Counsel testified that there would not have been any way for him to contact the juvenile regarding the incident because at some point while the officers were detaining Petitioner and the other individual he was with the juvenile left the scene before the officers could ascertain the juvenile's identity. He further testified that even if he had been able to contact the juvenile and discuss the incident he did not think it would have made any difference in the outcome of the trial.

### Conclusions of Law

Petitioner has failed to meet his burden to establish that his right to the effective assistance of counsel was violated. The test for establishing ineffective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under this two-prong test, Petitioner must show that: 1) the attorney's performance was deficient, meaning that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Sixth Amendment, Strickland, 466 U.S. at 687; and 2) that this deficient performance prejudiced the defense, that is, that counsel's errors were so serious as to deprive Petitioner of a fair trial with a reliable result. Id. at 694.

Petitioner in this case has not shown that any failure of counsel to investigate the existence of the juvenile was error, nor has he shown that he was prejudiced by it. The record shows that there was no information available to counsel as to the juvenile's identity whereby counsel could have attempted to contact the juvenile because the juvenile left the scene before the officers could ascertain his identity. Further, there is no evidence that had counsel been able to speak with the juvenile that the criminal proceedings would have turned out differently.

Accordingly, Ground One provides no basis for relief.

### GROUND TWO

In Ground Two, Petitioner alleges that his due process rights were violated because he received ineffective assistance of counsel.

### Findings of Fact

Counsel testified at the evidentiary hearing that the theory of defense he advanced at trial was to highlight inconsistencies in the testimony of the police officers in order to show that there was reasonable doubt

11

warranting acquittal. He testified that his standard practice from a strategic standpoint is to avoid lines of questioning of police officers that tend to call the officers' reputations into question because it often backfires on him. He testified that he did not find any other viable theories of defense. He testified that he interviewed witnesses prior to trial, including the police officers. He testified that he believed that his investigator went to the crime scene and that he viewed pictures of the crime scene. He testified that he thoroughly discussed the case with Petitioner. He testified that he discussed with Petitioner the charges against him and the evidence and that he was satisfied that Petitioner understood what he explained to him. He testified that there were no independent witnesses that would have been favorable to Petitioner's case. He testified that he filed and argued pre-trial motions, including the above-mentioned motion to suppress.

Counsel testified that he chose not to call Petitioner's co-defendant as a witness at trial for strategic reasons because if he had done so he would have been calling to testify an individual who had been arrested for disorderly conduct on the grounds of attempting to purchase drugs from Petitioner, which he believed would serve to harm Petitioner's case and not help it.

Counsel testified that in appealing the conviction he mainly focused on the trial court's denial of the motion to suppress. He testified that he felt that the grounds he raised in the appeal were the ones that offered the greatest chance of success.

## Conclusions of Law

Petitioner has failed to show that counsel's performance, either at the trial level or the appellate level, was deficient or that he was prejudiced by it. The record shows that counsel thoroughly investigated the case prior to trial and advanced the only viable defense he identified.

> With regards to counsel's representation of Petitioner on appeal, for ineffectiveness to be shown, an appellate counsel's decision not to raise a particular issue must be shown to be an unreasonable decision which only an incompetent attorney would make. Shorter v. Waters, 275 Ga. 581 (2002). Counsel testified that he raised on appeal the issues that he felt offered the greatest chance of success and Petitioner has shown no issues that would have been stronger issues for counsel to raise on direct appeal.
>
> Accordingly, Ground Two provides no basis for relief.

[Doc. 11, Attach. 1 (citations to record omitted)].

The state habeas corpus court correctly identified and applied the proper *Strickland* standard to Petitioner's ineffective assistance of trial and appellate counsel claims. Petitioner has not shown how the state habeas corpus court's decision was contrary to or an unreasonable application of *Strickland* or that the state habeas corpus court's decision was an unreasonable determination of the facts in light of the evidence presented in this case. Petitioner's main contention is that the officers did not have probable cause to conduct the search that resulted in his arrest. [Doc. 1-1 at 7]. As noted by the state habeas corpus court, Petitioner's counsel filed a motion to suppress in which he argued that the officers did not have probable cause to go to the rear of the house, look through the window, enter the house, and apprehend Petitioner, and the trial court denied the motion. Counsel also raised this issue on

appeal, but the Georgia Court of Appeals denied relief. *See King*, 657 S.E.2d at 572-74. Petitioner has failed to identify what additional issue counsel should have raised at trial or on appeal. In sum, Petitioner has not shown how counsel's performance was deficient or that he was prejudiced by counsel's performance.

Petitioner also seems to argue that his counsel was ineffective because he failed to ask certain questions that would have shown that the officers were lying when they testified at the suppression hearing or trial. [Doc. 1-2 at 4]. However, as stated in the state habeas corpus court's opinion, counsel testified that his standard practice from a strategic standpoint is to avoid lines of questioning of police officers that tend to call the officers' reputations into question because it often backfires on him. [Doc. 9, Attach. 5 at 34]. Strategic decisions constitute constitutionally ineffective assistance only if so "patently unreasonable" that no competent attorney would have chosen them. *Kelly v. United States*, 820 F.2d 1173, 1176 (11th Cir. 1987). According to counsel, his strategy was to attempt to discredit the officers' testimony by highlighting the inconsistencies. [Doc. 9, Attach. 5 at 6]. Counsel's strategy was not unreasonable, and he was not ineffective in his performance during the suppression hearing or trial. Moreover, Petitioner has not shown that any additional inquiries by his counsel would have brought out facts favorable to his

14

defense. Thus, Petitioner is not entitled to federal habeas corpus relief on his ineffective assistance of counsel claims.

III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing of the denial of a constitutional right. The state court's findings on Petitioner's claims pass muster under § 2254(d) and the *Williams v. Taylor* analysis. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

15

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Petitioner Bryan King's habeas corpus petition [Doc. 1] be **DENIED** and this action be **DISMISSED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 14th day of September, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)