# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BRYAN KING, GDC # 846624,       Petitioner, <br><br> v. <br><br> MARTY ALLEN, Warden,       Respondent. | 1:11-cv-1903-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [13], which recommends dismissal of Bryan King's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") [1]. Petitioner has objected to the R&R [15].

## I. BACKGROUND[1]

### A. Petitioner's Arrest

On December 5, 2005, three police officers noticed a juvenile lurking outside of a residential home and peering into the windows. The officers announced their presence and commanded the juvenile to stop on the steps of the back entrance to the house, where he was standing.

While one of the three officers was taking the juvenile to the patrol car, the other two officers went to inquire from the residents of the household if they knew the juvenile or knew why the juvenile was at the residence. As they approached the back door, they smelled the odor of burnt marijuana. The officers then looked through the back door of the residence, where they saw Petitioner and another man sitting at a table. On the table were packets of cocaine and some marijuana that Petitioner was packaging. The officers knocked on the door and announced their presence, at which time Petitioner jumped up and ran to the bathroom with the

---

[1] The Court notes these facts are taken from the state habeas court and Georgia Court of Appeals findings in this case. King v. State, 657 S.E.2d 570, 571-72 (Ga. Ct. App. 2008); (Resp't's Ex. B [9.2]). Under 28 U.S.C. § 2254(e)(1), "[i]in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Since Petitioner has not presented any evidence to rebut the findings of the Georgia Court of Appeals or the state habeas court, these facts are entitled to a presumption of correctness.

packages of marijuana. Believing Petitioner was destroying evidence, the officers entered the premises.

Petitioner and the other man then escaped through a window. The officer that was escorting the juvenile chased and apprehended Petitioner and the other man. At that time, the juvenile got away from the third officer before the officer could ascertain the juvenile's identity. The officers arrested Petitioner and the other man at the residence, and seized the marijuana and cocaine.

B.    Procedural History

On December 6, 2006, following a jury trial, Petitioner was convicted of trafficking in cocaine and possession of marijuana with intent to distribute. (Resp't's Ex. E [9.5] at 42-50). Petitioner was sentenced as a recidivist to concurrent thirty-year sentences, with twenty years to serve and the balance suspended. (Id.).

Petitioner appealed his conviction. Petitioner claimed that the evidence was insufficient to support his conviction and that the trial court erred in denying Petitioner's pre-trial motion to suppress evidence. King, 657 S.E.2d at 571. On January 31, 2008, the Georgia Court of Appeals affirmed Petitioner's convictions. Id. at 570, 574.

On June 23, 2008, Petitioner filed a Writ of Habeas Corpus in the Superior Court of Dodge County. (Resp't's Ex. A [9.1]). In the state habeas court, Petitioner claimed his counsel was ineffective because he failed to investigate and interview the juvenile suspect the police stopped on the night of Petitioner's arrest and, generally, that "effective assistance of counsel was denied." (Id. at 5). On March 5, 2010, the state habeas court conducted an evidentiary hearing on Petitioner's claims. (Resp't's Ex. E at 3). On July 6, 2010, the state habeas court denied Petitioner's claims. (Resp't's Ex. B).

On January 14, 2011, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of his habeas corpus petition. (Resp't's Ex. D [9.4]).

On June 9, 2011, Petitioner filed his federal habeas corpus petition pursuant to 28 U.S.C. § 2254 [1], claiming ineffective assistance of counsel at trial and on appeal based on his counsel's failure to raise the issue that "the officers spotting the suspected burglar did not create exigency [sic], but after the 'hot pursuit' if the burglary suspect had continued to flee through a window or an unlocked door [,] that would have given rise to probable cause and thus created exigent circumstances." (R&R at 3). Petitioner also claims "ineffective assistance of

counsel at trial and on appeal for failing to raise 'an issue' that would have a reasonable probability of success at trial and on appeal." (Id.).

On August 7, 2012, Petitioner was released from state custody to serve the remainder of his sentence on parole, which will expire on December 4, 2025.[2] See http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp?Institution=, (search by "GDC ID Number," "Enter Number" 846624) (last visited Oct. 31, 2012); http://www.pap.state.ga.us/opencms/opencms/, (search by "Name," enter "Bryan King") (last visited October 31, 2012).

On September 29, 2011, Marty Allen ("Respondent") filed his response and exhibits [8, 9].

On September 14, 2012, the Magistrate Judge issued her Final R&R, which recommended that Petitioner's Petition be denied and dismissed because the state habeas court correctly found that his counsel's performance at trial and on appeal was effective under the Strickland standard. (R&R at 13-14). The Magistrate

---

[2] Petitioner's release from custody does not render his Petition moot because "the ongoing collateral consequences of a wrongful conviction, such as the possible enhancement of a later criminal sentence on the basis of the earlier wrongful conviction, satisfy the case-or-controversy jurisdictional requirement of Article III of the Constitution." Jamerson v. Sec'y for Dep't of Corr., 410 F.3d 682, 688 (11th Cir. 2005). The Court also notes that Petitioner has challenged the constitutionality of his convictions and, thus, his petition is not moot under the exception for where a prisoner only challenges his sentence in a habeas petition. See Spencer v. Kemma, 523 U.S. 1, 7-8 (1998).

Judge also recommended that Petitioner not be issued a certificate of appealability. (Id. at 15).

On September 25, 2012, Petitioner filed his "Motion for Objection" ("Objections") to the Magistrate Judge's R&R.

## II. DISCUSSION

### A. Standard of Review on Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied 464 U.S. 1050 (1984).

    B.    Petitioner's Objections

Petitioner filed a two-page, *pro se* document entitled "Motion for Objection," which asserts his attorney failed "to raise viable issues at trial and appeal." (Pet'r's Objections at 2). The Court liberally construes Petitioner's Objections as an objection to the finding of the Magistrate Judge's conclusion that he "is not entitled to federal habeas corpus relief on his ineffective assistance of counsel claims." See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (stating that courts should liberally construe a *pro se* petition); (R&R at 15).

The Court has carefully reviewed the remainder of Petitioner's Objections and finds, even when liberally construed, that he has not stated any other specific objection to the findings and recommendations of the Magistrate Judge or stated how they are factually or legally incorrect. See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is

7

made and the specific basis for objection"); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

With regard to the findings and recommendations of the Magistrate Judge to which Petitioner has not objected, the Court find the Magistrate Judge did not plainly err and those findings and recommendations are adopted by the Court. The Court next conducts a *de novo* review of Petitioner's Objection regarding the Magistrate Judge's conclusion that he "is not entitled to federal habeas corpus relief on his ineffective assistance of counsel claims." (R&R at 15).

### *1. Standard of Review of a Section 2254 Claim*

A federal court may not grant habeas relief unless a petitioner demonstrates that the state court adjudication on the merits resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A state court's determination of factual issues is presumed correct unless a petitioner presents

clear and convincing evidence that the determination was erroneous. 28 U.S.C. § 2254(e)(1).

In evaluating a habeas petition under § 2254(d), a federal court must first determine the applicable "clearly established Federal law, as determined by the Supreme Court of the United States." Williams v. Taylor, 529 U.S. 362, 379 (2000). Second, the federal habeas court must determine whether a state court decision is "contrary to, or involved an unreasonable application of . . . clearly established" federal law. Id. A federal court should "not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable in its application of law in a given case." Id. at 385. The "unreasonable" determination is objective, and a federal court may not issue a writ of habeas corpus simply because it concludes in its independent judgment that the state court decision was erroneous or incorrect. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

    2. *Standard of Review of an Ineffective Assistance of Counsel Claim*

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington. 466 U.S. 668, 687-97 (1984); see also Green v. Nelson, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins, 539 U.S. at

9

521 (citing Strickland, 466 U.S. at 687). To establish deficiency, a petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'" Id. (quoting Strickland, 466 U.S. at 688). To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 751 (11th Cir. 2010). The court may "dispose of [the] ineffectiveness [claim] on either of its two grounds." Atkins v. Singletary, 965 F. 2d 952, 959 (11th Cir. 1992); see also Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). Additionally, a strategic decision by counsel will only be held to constitute ineffective assistance if it was so "patently unreasonable that no competent attorney would have chosen it." Kelly v. United States, 820 F.2d 1173, 1176 (11th Cir. 1987).

Further, the Strickland standard has been extended to claims of ineffective assistance of counsel on appeal. "To prevail on a claim of ineffective assistance of appellate counsel, a defendant must show that counsel was objectively unreasonable in failing to raise a particular issue on appeal." Garey v. United

States, No. 10-13896, 2012 WL 1002181, at *1 (11th Cir. Mar. 27, 2012) (citing Smith v. Robbins, 528 U.S. 259, 285 (2000)).

   3.   *Analysis*

In his Petition, Petitioner claims that he is entitled to federal habeas relief because the state habeas court erred in not finding his counsel was ineffective, at trial and on appeal, for failing to: (1) assert that the police officers who arrested him lacked probable cause to enter and search the house where he was packaging drugs; (2) determine the identity of the juvenile initially apprehended by the police and interview him; and, (3) challenge the truthfulness and reputation of the arresting officers during cross-examination at trial. (Petition, *passim*; Attach. B to Petition). The Court disagrees.

The state habeas corpus court found that Petitioner's trial counsel filed a pre-trial motion to suppress, arguing that the officers did not have probable cause to "go to the rear of the house, look through the window, enter the house, and apprehend Petitioner." (Resp't's Ex. B at 3). The state court denied the motion. (Id.).

Petitioner's counsel also raised this issue on appeal. See King, 657 S.E.2d at 572-74 ("King's other enumeration is that the trial court erred in denying his motion to suppress the evidence seized at King's residence."). On appeal, the

Georgia Court of Appeals held that the officers were lawfully at the backdoor of the residence after apprehending the juvenile on the back steps, and, under the exigency doctrine, once the officers witnessed Petitioner run to the bathroom with the marijuana, the officers were lawfully entitled to enter the residence to prevent the destruction of evidence. Id. at 573.

During the state habeas corpus court's evidentiary hearing, Petitioner's trial counsel also testified that the juvenile's identity was never ascertained by the police officers on the night Petitioner was arrested because the juvenile ran from the police officers when the officers chased Petitioner and the other man. (Resp't's Ex. E at 31). Because there was no way to determine the identity of the juvenile, Petitioner's counsel had no way to interview him before trial. (Id.).

Petitioner's trial counsel also testified that, in his over thirteen years of criminal defense practice, he has learned that delving into a police officer's reputation during cross examination can backfire. (Id. at 34). Therefore, for strategic reasons, counsel chose not to call into question the police officers' reputations or truthfulness. (Id.).

Following briefing and an evidentiary hearing, the state habeas court applied Strickland to Petitioner's claims and found that his counsel was not ineffective, including because "counsel thoroughly investigated the case prior to trial and

advanced the only viable defense he identified;" Petitioner's counsel's decisions regarding the examination of witnesses at trial were strategic decisions and not deficient; Petitioner's counsel's decisions regarding what particular issues to raise on appeal were not "unreasonable decision[s] which only on incompetent attorney would make;" and, Petitioner did not show "that any failure of counsel to investigate the existence of the juvenile was error, nor ha[d] he shown that he was prejudiced by it." (Resp't's Ex. B at 4-6).

The R&R concluded, and the Court agrees on its *de novo* review, that the state habeas corpus court correctly applied the <u>Strickland</u> standard to Petitioner's ineffective assistance claims. The Court further finds the state habeas corpus court did not act contrary to or apply an unreasonable interpretation of the <u>Strickland</u> standard and did not make an unreasonable determination in light of the facts and evidence in this case. The Court also finds Petitioner has failed to establish any constitutional deficiencies in the performance of his counsel at trial or on appeal. The Court thus agrees with the Magistrate Judge's finding that Petitioner is not entitled to habeas corpus relief based on Petitioner's claims of ineffective assistance of counsel. Petitioner's objection is overruled.

C.  Petitioner's Request for an Evidentiary Hearing

Petitioner also included in his "Motion for Objection" a request for an evidentiary hearing.[3] In matters involving claims of ineffective assistance of counsel, a court "need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel." Diaz v. United States. 930 F.2d 832, 834 (11th Cir. 1991), see also Dickson v. Wainwright, 683 F.2d 348 (11th Cir. 1982).

As discussed above, it is clear from the record that Petitioner's counsel was effective in his representation of Petitioner. The record conclusively demonstrates that Petitioner did not establish his counsel's performance was deficient or that he was prejudiced by his counsel's performance. Because it is clear from the record that Petitioner did not receive ineffective assistance of counsel, the Court finds that Petitioner is not entitled to an evidentiary hearing in this matter.[4]

---

[3] The Court liberally construes Petitioner's statement that he "need [sic] only a hearing to bring light to the facts," as a request for an evidentiary hearing.

[4] Petitioner cites Brown v. Wainwright, 785 F.2d 1457 (11th Cir. 1986), as authority for his request for an evidentiary hearing. Brown dealt with a district court's reversal of a denial of a state habeas petition, where the prosecution knowingly presented material, false testimony at trial and failed to correct the presentation of this false evidence. 785 F.2d at 1459-61. There is no indication from the record that any false testimony was knowingly presented by the State in Petitioner's case and, thus, Brown does not support Petitioner's request for an evidentiary hearing.

D.  Certificate of Appealability

A district court "must issue or deny a Certificate of Appealability when it enters a final order adverse to the appellant." See Rule 11 of the Rules Governing Section 2254 Proceedings. This Court agrees with the Magistrate Judge that a Certificate of Appealability should not issue because Petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists could not find "debatable or wrong" the conclusion that Petitioner's counsel was effective. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Thus, the certificate of appealability is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [13] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections to the R&R [15] are **OVERRULED**, and his Petition [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.

**SO ORDERED** this 1st day of November, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE